UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kirk Eberle,
    Petitioner

vs                                           Case No. C-1-01-614
                                           (Weber, J.; Hogan, M.J.)

Anthony Brigano,
    Respondent

**REPORT AND RECOMMENDATION**

      Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, brings this action with the assistance of counsel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's traverse. (Docs. 1, 3, 9).

**Procedural Background**

      On May 29, 1996, the Clermont County, Ohio grand jury indicted petitioner on six counts of rape as defined in Ohio Rev. Code § 2907.02(A)(1)(b) and three counts of felonious sexual penetration as defined in Ohio Rev. Code § 2907.12(A)(1)(b). (Doc. 3, Ex. 2). The prosecution dismissed three counts of rape. (*Id.,* Ex. 6 at 2, Ex. 4 at 1). After a two day jury trial beginning on January 13, 1997, a jury found petitioner guilty of all charges. (Doc. 3, Ex. 6 at 2). On February 19, 1997, the court sentenced petitioner to concurrent terms of five (5) to twenty-five (25)

years on the rape counts and to consecutive terms of five (5) to twenty-five (25) years on the felonious sexual penetration counts. (*Id.*, Ex. 1).

Petitioner, assisted by his trial counsel, filed an appeal to the Ohio Court of Appeals, Twelfth Appellate District, raising the following assignment of error:

> 1. The trial court erred in the decision that the evidence was against the manifest weight to sustain a guilty verdict.

(Doc. 3, Ex. 3).

On December 29, 1997, the Ohio Court of Appeals issued a decision overruling the assignment of error and affirming the judgment of the trial court. (*Id.*, Exs. 5, 6). Petitioner did not pursue an appeal to the Ohio Supreme Court. (Doc. 3 at 4).

On June 25, 1999, petitioner, represented by the Public Defender's Office, filed an application to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that his appellate counsel was ineffective. (Doc. 3, Ex. 7). Petitioner argued that his appellate counsel was ineffective for failing to raise the claims that trial counsel improperly permitted the state's use of leading questions during the direct examination of the child victim and that trial counsel was ineffective for failing to present expert testimony concerning "sexual abuse investigations or examination protocol." (Doc. 3, Ex. 7 at 8-9). Petitioner further argued that appellate counsel's brief failed to comply with the Rules of Appellate Procedure and his argument was "completely indiscernible." (*Id.* at 6-7). On this basis, petitioner concluded that appellate counsel's presentation of his sole claim that the convictions were against the manifest weight of the evidence was deficient. (*Id.* at 4-5).

On June 14, 2000, the Ohio Court of Appeals denied petitioner's application as untimely, finding that there was no good cause for the delay in filing. (*Id.,* Ex. 9).

On July 31, 2000, petitioner, through counsel, appealed the decision to the Ohio Supreme Court, raising the following proposition of law:

> 1. A defendant is denied the effective assistance of counsel on appeal where merit brief lacks any discernable argument, contains just a single case citation of unrecognizable form, and numerous misspellings, thereby falling woefully short of any professional standards.

(Doc. 3, Ex. 11). On October 4, 2000, the Ohio Supreme Court dismissed the appeal because it did not involve any substantial constitutional question. (Doc. 3, Ex. 13).

On September 13, 2001, petitioner filed the instant petition for a writ of habeas corpus raising the following ground for relief and supporting facts which are quoted verbatim:

> **Ground one**: Petitioner was denied the effective assistance of counsel on appeal guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Supporting facts: Petitioner was denied the effective assistance of appellate counsel on appeal where appellate counsel submitted a merit brief that fell substantially below the minimum standard for adequate representation. Counsel's merit brief completely failed to present any discernable argument. The brief was ambiguous and counsel cited only one case to support this argument. Further, the citation form did not conform to the proper standard for case citation. Additionally, the brief is replete with spelling and grammatical errors and utterly failed to conform to the procedural requirements under Ohio's Rules of Appellate Procedure. Due to counsel's poorly written brief, Petitioner was unable to present the errors in his case to the state court of appeals. As a result, Petitioner was denied the effective assistance of counsel and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. 1). In his return of writ, respondent asserts that the petition is time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)¹ and alternatively,

---

¹The United States Court of Appeals for the Sixth Circuit issued an unpublished decision after respondent filed his return of writ which makes respondent's statute of limitations defense questionable under the circumstances of this case. *Lambert v. Warden, Ross Correctional,* No. 01-3422, 2003 WL 22071466, at **8 (6th Cir. Sept. 2, 2003) holds that the limitations period begins to run anew at the conclusion of a proceeding to reopen an appeal pursuant to Ohio App. R. 26(B). Under *Lambert,* petitioner's petition for habeas corpus review would be considered timely. The *Lambert* decision, however, contradicts the appellate court's prior holding in the published case of *Bronaugh v. Ohio,* 235 F.3d 280, 285-286 (6th Cir. 2000) that an application to

that petitioner's ground for relief has been procedurally defaulted in the state courts and is therefore waived for habeas corpus review. Respondent further alleges that petitioner's claim lacks merit. (Doc. 3).

## OPINION

### I. Petitioner is not entitled to habeas corpus relief with respect to his ineffective assistance of appellate counsel claim.

#### A. Petitioner has shown cause and prejudice excusing the procedural default of his ineffective assistance of appellate counsel claim.

As his sole ground for relief, petitioner asserts that his appellate counsel rendered constitutionally ineffective assistance by submitting a deficient brief raising a claim that his conviction was against the manifest weight of the evidence.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules, including the failure to make a timely objection at trial. *Id.* at 261; *Wainwright v. Sykes,* 433 U.S. 72, 86-87 (1977); *see also McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985). An adequate and independent finding of procedural default will preclude habeas corpus review of the federal claim, unless the petitioner can show "cause" for the default and "prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris,* 489 U.S. at 262.

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 495-496 (1986); *see also Schlup*

---

reopen an appeal tolls the limitations period while pending but does not delay the time in which the limitations period begins to run. Until given further direction from the Sixth Circuit with respect to this matter, this Court declines to address respondent's untimeliness defense.

*v. Delo,* 513 U.S. 298, 327 (1995).  To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.  In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).  To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n. 6 (1989); *see Scott v. Mitchell,* 209 F.3d 854, 868-870 (6th Cir.), *cert. denied,* 531 U.S. 1021 (2000); *Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001).  Furthermore, adequacy requires application of the rule "evenhandedly to all similar claims." *Hathorn v. Lovorn,* 457 U.S. 255, 263 (1982); *Maes v. Thomas,* 46 F.3d 979, 986 (10th Cir.), *cert. denied,* 514 U.S. 1115 (1995).

A procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar.  *Harris,* 489 U.S. at 263. When the last reasoned state court decision rests both on a procedural default and an alternative ruling on the merits, the claim is barred from federal habeas review. *Coleman,* 501 U.S. at 729; *Harris,* 489 U.S. at 264 n.10; *McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir. 1991); *McBee,* 763 F.2d at 813.  In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

Petitioner presented his ineffective assistance of appellate counsel claim in his application for reopening pursuant to Rule 26 (B) of the Ohio Rules of Appellate Procedure.[2] (Doc. 3, Ex. 7). The Ohio Court of Appeals denied the application because petitioner had failed to show good cause for his untimely filing. (Doc. 3, Ex. 9). The Ohio Court of Appeals, was the last court to render a reasoned opinion on petitioner's claim. The Ohio Supreme Court's later unexplained decision summarily dismissing the appeal "as not involving any substantial constitutional question" must be presumed to rely on the same procedural default. *Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995), and *Ylst,* 501 U.S. at 803-04), *cert. denied,* 531 U.S. 1089 (2001).

The state law ground relied on by the Ohio courts in rejecting petitioner's claims, the "good cause" requirement in Rule 26(B), was adequate. At the time of petitioner's proceedings to reopen his appeal, it was a well-established, regularly followed practice in Ohio for the courts to foreclose review of untimely ineffective assistance of appellate counsel claims brought in an application to reopen the appeal based on the lack of good cause. *Monzo v. Edwards,* 281 F.3d 568, 577-578 (6th Cir. 2002); *see Knuckles v. Brigano,* 70 Fed.Appx. 830, 841, 2003 WL 21771949, at **11 (6th Cir. July 22, 2003), *petition for cert. filed* (U.S. Sept. 25, 2003) (No. 03-6884); *Lewis v. Randle,* 36

---

[2]Ohio R. App. P. 26 (B)(1) provides:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

Appellate rule 26 (B), which took effect on July 31, 1993, codified the decision of the Ohio Supreme Court in *State v. Murnahan,* 584 N.E.2d 1204 (Ohio 1992). *State v. Reddick,* 647 N.E.2d 784, 786 (Ohio 1995). In *Murnahan,* the Ohio Supreme Court held that a person claiming ineffective assistance of appellate counsel could present his claims under Ohio R. App. P. 26 and 14(B). App. R. 26 provided for a motion for reconsideration before the judgment was filed with the clerk for journalization or within ten days after announcement of the court's decision. App. R. 14(B) provided for an enlargement of time "for good cause shown." *See Reddick,* 647 N.E.2d at 786.

Fed.Appx. 817, 819, 2002 WL 847985, at **2 (6th Cir. April 30, 2002), *cert. denied*, 537 U.S. 1137 (2003).

Accordingly, petitioner's claim for relief is barred from review by this Court absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will result if the claim is not considered. In his traverse, petitioner asserts the ineffectiveness of his attorney on direct appeal, as cause. He argues that his attorney failed to inform him that the Court of Appeals had affirmed his conviction and failed to advise him of other legal remedies he could pursue. (Doc. 9 at 20). A review of petitioner's application for reopening in the Ohio Court of Appeals supported by petitioner's affidavit and the affidavit of the assistant state public defender reveals that the public defender's office was responsible for a delay of one year in the filing of the Rule 26(B) application. (*See* Doc. 3, Ex. 7, Affidavit of John Fenlon, para. 4; Affidavit of Kirk Eberle, para. 9).

The Ohio Court of Appeals explained its denial of petitioner's application to reopen the appeal based on ineffective assistance of appellate counsel, as follows:

> An application for reopening must be filed in the court of appeals "within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1). Furthermore, an application must contain a showing of good cause for untimely filing if the application is filed more than ninety days from journalization of the appellate judgment. App. R. 26 (B)(2)(b).
>
> This court journalized its judgment entry on December 29, 1997. Accordingly, App.R. 26 (B)(1) required any timely application for reopening to be filed no later than March 30, 1998. Appellant's application was filed on June 25, 1999, nearly fifteen months after the due date imposed by App. R. 26(B)(1).
>
> Appellant claims his application was filed beyond the ninety-day limitation of App.R. 26(B)(1) because appellate counsel neglected to inform appellant that his appeal had been decided. Instead, appellant's grandparents advised him of the court of appeals decision in June 1998, whereupon appellant contacted the Office of the Public Defender for assistance.

>    Appellant's case was assigned to an assistant public defender on or about December 3, 1998. This attorney left the public defender's office in May 1999 and the case was assigned to appellant's current counsel who filed the pending application on June 25, 1999.
>
>    Assuming appellant is not accountable for the period of time from this court's December 29, 1997 decision until June 1998 when appellant discovered the same, it still took a year before an application was filed. Neither appellant nor his current counsel provided an explanation for the delay. However, prior decisions have held that a delay in filing an application under App.R. 26 due to the busy schedule of a public defender is not good cause for allowing an untimely application. Whatever the reasons, the one-year delay from June 1998 is attributable to appellant and his counsel and no good cause has been demonstrated for filing his application a year after he discovered his direct appeal had been denied.

(Doc. 3, Ex. 9) [citations omitted].

To establish cause to excuse a procedural default, petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Carrier,* 477 U.S. at 488. Ineffective assistance of appellate counsel may constitute cause for a procedural default. *Id.* To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

In *White v. Schotten,* 201 F.3d 743 (6th Cir.), *cert. denied* 531 U.S. 940 (2000), petitioner obtained representation from the public defender's office after the Ohio Court of Appeals affirmed most of his convictions. 201 F.3d at 748. The Sixth Circuit determined that the failure of the public defender's office to file a timely application for reopening his appeal due to a heavy caseload resulting in a three year backlog constituted "external cause" sufficient to excuse a procedural default based on an untimely Rule 26(B) filing. 201 F.3d at 752. Underlying this holding was the court's conclusion that the Rule 26(B) proceeding was part of the direct review process for which counsel was constitutionally guaranteed and required to render effective assistance. 201 F.3d at 752-753. *But see Lambert v. Warden, Ross Correctional*, No.

01-3422, 2003 WL 22071466, at *4, *7 (6th Cir. Sept. 2, 2003) and cases cited therein (agreeing with the unanimous view of the Ohio courts that a 26(B) application is part of collateral review, not direct review, but noting that they are bound to follow the holding of *White*).   The Court  stated: "Without question, an attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards." 201 F.3d at 752.

In the case of *Paris v. Turner,* No. 97-4129, 1999 WL 357815 (6th Cir. May 26, 1999), *cert. denied,* 529 U.S. 1104 (2000), the federal court also found sufficient cause to excuse the procedural default in the state court due to petitioner's untimely filing of his Rule 26(B) application. Petitioner's appellate attorney failed to develop the legal issues in his appeal, failed to advise him of the results of his appeal for four months, and failed to inform him of how to proceed on further appeals. 1999 WL 357815, at **2-3. The federal court concluded that "[b]ecause of this, we do not think that it can fairly be said that Paris truly had his first appeal as of right." 1999 WL 357815, at **3.  When petitioner Paris learned of his unsuccessful appeal, he contacted the public defender's office which placed him on a waiting list for three years and failed to file a timely Rule 26(B) application. *Id.* at **2. The federal court concluded that "it would be unjust to blame a layman . . . for the backload at the Ohio Public Defender's Office." *Id.* at **3. The Sixth Circuit found that the incompetence of his appellate counsel combined with the backlog at the Ohio Public Defender's office served as cause to excuse his untimely motion to reopen his appeal.  *Id.*

In this case, the Ohio Court of Appeals assumed that petitioner was not responsible for the delay in filing his application for reopening his appeal occurring before petitioner knew that the Court of Appeals had upheld his convictions, apparently because the court was sympathetic to petitioner's assertion that counsel failed to notify him of the adverse decision.  The state appellate court based the procedural default on the one year delay in filing petitioner's application for reopening *after* petitioner discovered that the Ohio Court of Appeals had issued an unfavorable decision on direct appeal and contacted the Public Defender's Office for legal assistance.  While the busy schedule of the public defender's office does not constitute "good cause" under state law for petitioner's untimely Rule 26(B) application, it does constitute "cause" under the federal caselaw of this circuit to excuse petitioner's procedural default resulting from petitioner's failure to timely file his application. Accordingly, petitioner has established cause to excuse his procedural default resulting from the late filing of his application for reopening his petition.

9

To excuse a procedural default, petitioner has the burden of demonstrating actual prejudice as a result of the alleged constitutional violation, as opposed to prejudice ensuing from the state procedural default. *Maupin v. Smith,* 785 F.2d 136, 139 (6th Cir. 1986) (citing *United States v. Frady,* 456 U.S. 152, 168, 170 (1982)). "[I]n analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated a meritorious constitutional claim." *Maupin v. Smith,* 785 F.2d at 139. Since a claim of ineffective assistance of appellate counsel generally includes a prejudice requirement, any assumption that the claim is meritorious would necessitate a finding of actual prejudice. *Moore v. Carlton,* 74 F.3d 689, 692 (6th Cir.), *cert. denied,* 516 U.S. 1183 (1996); *cf. Phillips v. Mills,* No. 98-5061, 1999 WL 685925, at **4 (6th Cir. Aug. 25, 1999).

Because petitioner has established cause and prejudice, this Court may now consider the merits of his ineffective assistance of appellate counsel claims.

### B. Petitioner has failed to demonstrate that his appellate counsel was constitutionally ineffective.

The right to effective assistance of counsel is "recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial," *United States v. Cronic,* 466 U.S. 648, 658 (1984), or a fair appeal, *see Penson v. Ohio,* 488 U.S. 75, 88-89 (1988).

> The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth–as well as fairness-is "'best discovered by powerful statements on both sides of the question.'"

*Penson,* 488 U.S. at 84 (citing Kaufman, Does the Judge Have a Right to Qualified Counsel?, 61 A.B.A.J. 569, 569 (1995) (quoting Lord Eldon)). The Sixth Amendment right is implicated only when counsel's conduct undermines the reliability of the judicial proceeding. *Cronic,* 466 U.S. at 658.

In cases involving attorney error, petitioner must demonstrate that counsel's performance was constitutionally ineffective by showing: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by

undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

Since a strong presumption of reliability attaches to a judicial proceeding, a petitioner is required to overcome that presumption by demonstrating "how specific errors of counsel undermined the reliability" of the result. *Roe v. Flores-Ortega,* 528 U.S. 470, 481 (2000) (quoting *Cronic,* 466 U.S. at 659, n.26). In order to satisfy the second "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *See Strickland,* 466 U.S. at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

"There are . . .circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic,* 466 U.S. at 658. These are cases in which petitioner alleges that he was actually or constructively denied counsel, not that his attorney made specific mistakes. *Roe,* 528 U.S. at 483. Since counsel is essential to the fairness of the proceeding, the absence of counsel renders the adversary process itself "presumptively unreliable." *Roe,* 528 U.S. at 483 (quoting *Cronic*, 466 U.S. at 659). For this reason, in such situations, prejudice is presumed.

The United States Supreme Court has identified three categories of cases in which prejudice is presumed because counsel's conduct led to a proceeding of

questionable reliability.  One such circumstance is the "complete denial of counsel" at a "critical stage" of the proceeding, *Bell v. Cone,* 535 U.S. 685, 696 (2002) (quoting *Cronic,* 466 U.S. at 659), i.e., a part of the proceeding with "significant consequences for the accused," *Bell,* 535 U.S. at 696. This includes situations where counsel was absent or prevented from assisting the defendant due to government action. *Bell,* 535 U.S. at 696 n.3; *Strickland*, 466 U.S. at 692; *Cronic,* 466 U.S. at 659 n.25.  Second, "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing" a presumption of prejudice is warranted because the "adversarial process itself [becomes] presumptively unreliable." *Cronic,* 466 U.S. at 659.  To invoke the prejudice presumption, the attorney's failure must be "complete," and not just at certain points in the proceeding. *Bell,* 535 U.S. at 696.  Also, a constructive denial of counsel is limited to cases involving "constitutional error of the first magnitude" such as where petitioner is denied his right to cross examination. *Cronic,* 466 U.S. at 659 (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)); *see Moss v. Hofbauer,* 286 F.3d 851, 859 (6th Cir.), *cert. denied,* 537 U.S. 1092 (2002). The first two categories of cases "involve impairments of the Sixth Amendment right that are easy to identify" and generally attributable to the prosecution, making them "easy for the government to prevent." *Strickland*, 466 U.S. at 692.  A third category of cases involves a situation where an attorney may be available and fully competent, but circumstances are present which prevent any counsel from rendering effective assistance, for example when counsel is appointed on the day of trial or where counsel is "actively representing joint interests." *Cronic,* 466 U.S. at 659-660, 661 n. 28 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980)); *see Strickland,* 466 U.S. at 692.

Prejudice is also presumed in situations where counsel's deficient performance "led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Roe,* 528 U.S. at 483.  The United States Supreme Court explained that a presumption of reliability cannot be accorded to "judicial proceedings that never took place." *Id.*  When counsel fails to follow defendant's instructions to pursue an appeal and defendant is thereby deprived of his right to an appeal, no showing of the merits of defendant's underlying claims is required to make out a claim of ineffective assistance of counsel.  *Rodriquez v. United States* 395 U.S. 327, 330 (1969).

Whether petitioner is required to demonstrate prejudice under *Strickland* or whether prejudice is presumed "turns on the magnitude of the deprivation of the right to effective assistance of counsel." *Roe,* 528 U.S. at 482.  Prejudice can be presumed only in the most egregious cases of ineffective assistance. *See Johnson v. Cockrell,* 301 F3d 234, 238 (5th Cir. 2002), *cert. denied,* 123 S.Ct. 1901 (2003); *Kitchen v. United*

*States,* 227 F.3d 1014, 1020 (7th Cir. 2000). For example, prejudice has been presumed when counsel is either physically absent or mentally absent because he is asleep or unconscious throughout the proceeding. *See Moss,* 286 F.3d at 862 and cases cited therein. The United States Court of Appeals for the Sixth Circuit has applied a presumption of prejudice "only where the constructive denial of counsel and the associated collapse of the adversarial system is imminently [sic] clear." *Id.* at 861.

In this case, petitioner argues that prejudice should be presumed because petitioner was constructively denied appellate representation due to the inadequacy of the brief counsel submitted.³ Petitioner notes the following deficiencies with counsel's brief: 1) counsel failed to present "any discernable argument;" 2) counsel cited only one case and used an incorrect citation form; 3) the brief contained numerous spelling and grammatical errors; 4) the brief failed to conform with the procedural requirements of Ohio's Rules of Appellate Procedure, for example, by failing to refer to the record. (Doc. 1, para. 12A; *see* Doc. 1, Supporting Memorandum at 6-7; Doc. 9 at 23-24).

In support of his argument, petitioner cites *Hendricks v. Lock,* 238 F.3d 985 (8th Cir. 2001), a case in which counsel's appellate brief failed to develop the legal argument, failed to explain the importance of the legal citations included and failed to apply them to the facts of the case. As a result of the inadequacy of the brief, the state appellate court ruled that petitioner's "argument does not allow a decision" and rejected the appeal without considering the merits. *Hendricks,* 238 F.3d at 986 (quoting *State v. Hendricks,* 944 S.W.2d 208, 210 (Mo. 1997)). On habeas corpus review, the Eighth Circuit explained:

> Although the Constitution does not guarantee adjudication on the merits in every case, it does require that a criminal defendant pursuing a first appeal of right shall not be completely deprived of such an adjudication by the blunders of his own lawyer.

*Hendricks,* 238 F.3d at 988. The federal court distinguished this situation from a case in which petitioner argues that his counsel failed to raise an important issue or failed to argue an issue as strenuously as he should have, in which case prejudice would have to be demonstrated. *Id.* at 988. Instead, the court viewed Mr. Hendricks's claim as more

---

³In his traverse, petitioner makes clear that he is not arguing in his habeas petition that his counsel was constitutionally ineffective for failing to present certain claims (Doc. 9 at 21), an argument he did raise in his application for reopening in the state court (Doc. 3, Ex. 7).

13

akin to the complete denial of counsel. *Id.* Mr. Hendricks's claim was that "the advocacy he got did not move him appreciably closer to a decision on the merits on *any* issue than would no advocacy at all." *Id.* The Court relied on the Supreme Court decision in *Rodriquez v. United States* 395 U.S. 327 (1969), which held that "where ineffective performance of counsel deprives a defendant of his appeal altogether post-conviction relief . . . cannot be conditioned on a showing that the appeal would likely have succeeded." *Id.*; *see id.* at 989 (citing *Roe v. Flores-Ortega,* 528 U.S. 470 (2000) for extending *Rodriquez* rule to section 2254 cases).   Because Mr. Hendricks wished to take an appeal, instructed his counsel to pursue an appeal and petitioner was denied a decision on the merits of his first appeal of right due to counsel's constitutionally deficient performance, the Eighth Circuit concluded that prejudice should be presumed. *Hendricks,* 238 F.3d at 989. The Court noted that "[i]n such a case, it is inappropriate and irrelevant to speculate what the decision might have been." *Id.*

The *Hendricks* case is an example of those situations in which prejudice is presumed because the violation of the right to counsel deprived petitioner of an entire judicial proceeding, specifically, an appeal as of right. Unlike *Hendricks*, however, petitioner in the instant case secured a decision on the merits of his appeal despite the alleged deficiencies in counsel's brief. The Ohio Court of Appeals considered petitioner's sole assignment of error that the conviction was against the manifest weight of the evidence and rejected it, concluding that the jury had not lost its way.[4] The appellate court determined that the child victim was competent to testify, an issue which the court inferred was one of appellate counsel's underlying concerns. The court also considered the propriety of the state's use of leading questions on direct examination of the victim, a matter which counsel argued extensively in his brief, and concluded that the trial court did not "abuse its discretion in allowing the state some leeway in asking leading questions." (Doc. 3, Ex. 6 at 4). The Ohio Court of Appeals did not indicate that

---

[4] The state appellate court described the standard for determining whether the conviction was against the manifest weight of the evidence as follows:

> In reviewing whether a conviction is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

(Doc. 3, Ex. 6 at 2-3).

14

it found counsel's arguments ambiguous and although, counsel may have failed to comply with certain procedural rules, the appellate court did not penalize petitioner by failing to adjudicate his claims.[5]  Accordingly, the *Hendricks* decision does not provide support for presuming prejudice in the instant case.

Other than broadly asserting that petitioner was constructively denied counsel, petitioner fails to explain what particular category of cases where prejudice is presumed, as identified by Supreme Court caselaw, is applicable to the instant situation.  This is not a situation where petitioner was denied counsel on appeal.  To the extent that petitioner may be implying that he was constructively denied counsel because "counsel *entirely* fail[ed] to subject the prosecution's case to meaningful adversarial testing," *Cronic,* 466 U.S. at 659, his argument fails.  In order to fall into that category, there must be a showing of a "complete" failure on counsel's part to advocate for him on appeal. *Bell,* 535 U.S. at 696.  In this case, however, counsel did raise an assignment of error in his appellate brief and presented related arguments which supported his primary claim.  Moreover, this is not a situation where the attorney error is "easy to identify,"*see Strickland*, 466 U.S. at 692,  such as when the attorney sleeps through an entire proceeding.  In this case, it is necessary to examine petitioner's case in order to determine whether attorney error occurred. *See Smith v. Robbins,* 528 U.S. 259, 287 n. 15 (2000) (citing *Strickland,* 466 U.S. at 692).

While counsel's brief was poorly written and organized and contained the spelling and grammar errors and procedural deficiencies noted by petitioner, this case does not fall under the  most egregious cases of ineffective assistance of counsel nor can the magnitude of the deprivation be considered great.  There is no clear evidence that the adversary nature of the appeal was compromised by counsel's performance. Petitioner's brief raised the manifest weight of the evidence claim, the state argued that it lacked merit and the appellate court addressed and resolved the issue.

Accordingly, the Court concludes that this case does not fall into the narrow category of cases of ineffective representation in which prejudice may be presumed.

Instead, this is a case involving a run-of-the-mill allegation of attorney error. Petitioner is claiming that his appellate attorney did not present his claim that his

---

[5]There was no indication that the state in its answer brief on appeal has any difficulty understanding petitioner's arguments on appeal.  (Doc. 3, Ex. 4).

15

conviction was against the manifest weight of the evidence in a sufficiently persuasive manner, with support from the record and in proper form. To prevail on this claim, petitioner must demonstrate that he was prejudiced by counsel's deficient performance. While petitioner criticizes the appellate brief considerably (and the court notes that such criticism is indeed well taken), he fails to suggest what additional legal authority could have been cited by counsel, what additional portions of the record should have been referenced to strengthen his claim of error, how counsel generally could have made his argument more persuasive and most importantly, how such improvements would have affected the resulting decision. Petitioner has not shown that the decision reached by the state appellate court would "reasonably likely have been different absent the errors" of appellate counsel. *See Strickland,* 466 U.S. at 695. Accordingly, petitioner is not entitled to habeas corpus relief with respect to his ineffective assistance of appellate counsel claim asserted in his petition as his sole ground for relief.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should issue with respect to the dismissal on the merits of petitioner's claim for relief alleged in the petition as ground one because, for the foregoing reasons, petitioner has made a substantial showing of the denial of a constitutional right that is remediable in this proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has shown that reasonable jurists could debate whether the claim alleged as ground one in the petition should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   11/25/2003                       S/Timothy S. Hogan
    hr                                                            Timothy S. Hogan
                                                               United States Magistrate Judge

P:\TSH\Law Clerks\01-614IAACprejpresum.wpd

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Kirk Eberle,
    Petitioner

vs                                                   Case No. C-1-01-614
                                                      (Weber, J.; Hogan, M.J.)

Anthony Brigano,
    Respondent

## NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).