IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIRK EBERLE, | : | |
| Petitioner, | : | |
| -vs- | : | CASE NO. C-1-01-614 |
| ANTHONY BRIGANO, WARDEN, | : | JUDGE WEBER |
| Respondent. | : | MAGISTRATE JUDGE HOGAN |

_____

**OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**
_____

|  |  |
|---|---|
|  | DAVID H. BODIKER #0016590 |
|  | Ohio Public Defender |
|  |  |
|  | JOHN FENLON #0042395 |
|  | Assistant State Public Defender |
| M. SCOTT CRISS #0068105 | Counsel of Record |
| Assistant Attorney General |  |
|  | Office of the Ohio Public Defender |
| Corrections Litigation Section | 8 East Long Street – 11th Floor |
| 150 East Gay Street - 16$^h$ Floor | Columbus, Ohio 43215 |
| Columbus, Ohio 43215 | (614) 466-5394 |
| (614) 644-7233 | (614) 752-5167 – FAX |
| scriss@ag.state.oh.us | fenlonj@opd.state.oh.us |
|  |  |
| COUNSEL FOR RESPONDENT | COUNSEL FOR PETITIONER |

## INTRODUCTION

> To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right -- like nominal representation at trial -- does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

Evitts v. Lucey, 469 U.S. 387, 396 (1985).

Petitioner Kirk Eberle currently serves a maximum 100 year sentence at the Warren Correctional Institution for the sexual assault of a nine year old girl. His appeal to the Ohio court of appeals was a charade, where counsel's merit brief bore no semblance of a coherent legal argument, was replete with grammatical errors, and contained just a single citation styled in a an unrecognizable form. Simply put, the brief was appalling.[1]

The court of appeals affirmed Eberle's conviction, and he contacted the Ohio Public Defender for assistance. The public defender filed an application for reopening under Ohio App.R. 26(B) asserting that Eberle was denied the effective assistance of counsel given the merit brief's pitiful quality. The appellate court denied reopening. Eberle then unsuccessfully sought discretionary review in the Ohio Supreme Court. The public defender filed the instant federal habeas petition asserting that Eberle was denied the effective assistance of counsel on appeal given appellate counsel's woeful performance. On December 2, 2003, United States Magistrate Judge Timothy S. Hogan issued a Report and Recommendation recommending that the writ be denied with prejudice. However, Magistrate Hogan recommended that a certificate of appealability should issue with respect to the dismissal of Eberle's claim. Magistrate Hogan

---

[1] Appellate counsel was permanently disbarred by the Ohio Supreme Court on August 6, 2003 for neglect of entrusted legal matters, engaging in a continuous course of deceit involving misappropriation of clients' funds, failing to make restitution, and failing to cooperate in a disciplinary investigation. The events did not involve Eberle. Cincinnati Bar Assoc. v. Al'Uqdah, 99 Ohio St.3d 358, 2003-Ohio-3888.

1

also recommended with respect to any application by Eberle to proceed on appeal in forma pauperis, the Court should certify that an appeal would be taken in good faith and grant leave to appeal in forma pauperis, upon a showing of financial necessity. (Report and Recommendation, p. 16).

Eberle submits the instant Objections to that portion of the Report and Recommendation recommending that the writ be denied. Perhaps the most compelling method of illustrating counsel's dismal performance would be for the Court to simply read the brief submitted to the Ohio court of appeals. That task would take only a few brief moments, assuming the reader endured the misspellings, incomplete sentences, and general lack of a coherent legal argument. At completion, this Court would have no choice but to find Eberle was denied *anything* resembling effective assistance of counsel on appeal. This federal Court must not permit Ohio to incarcerate any individual, let alone one for 100 years, absent effective review by the state court of appeals. To do otherwise, makes a mockery of the Sixth Amendment.

## DISCUSSION

### A. Procedural Analysis

**Magistrate Judge Hogan Erred in Finding App.R. 26(B) "Adequate and Independent State Ground"**

Eberle objects to Magistrate Hogan's determination that the Ohio court of appeals' decision denying Eberle a delayed application for reopening under Ohio App.R. 26(B) was an "adequate" and "independent" state ground, under Harris v. Reed, 489 U.S. 255, 260-62 (1989), barring federal relief, absent a showing of cause and prejudice, or that a fundamental miscarriage of justice would result absent review. (Report and Recommendation, p. 7). Magistrate Hogan did, however, find that Eberle demonstrated cause and prejudice under White v. Schotten, 201

2

F.3d 743 (6th Cir. 2000) and therefore reviewed the claim on the merits. Eberle objects to any determination that App.R. 26(B) is an adequate and independent procedural bar.

The Sixth Circuit applies a four-step analysis for determining if a petitioner has procedurally defaulted his claims, and if so, if the court should excuse that default. Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986). First, "the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." Id. at 138. Second, "the court must decide whether the state courts actually enforced the state procedural sanction." Id. Third, "the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." Id. Fourth, "[if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, the petitioner must demonstrate … that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." Id. (citations omitted). In order for a state rule to serve as a procedural default, the court must answer the first three inquiries in the affirmative and the fourth in the negative. A procedural rule that is inconsistently applied by the state court cannot be the basis to foreclose the federal court from reviewing the constitutional claim. *See* Morales v. Calderon, 85 F.3d 1387 (9th Cir.), *cert. denied*, 519 U.S. 1001 (1996).

The "good cause" requirement of Ohio App.R. 26(B) is neither uniformly applied nor firmly established.[2] In the interest of economy, Eberle repeats only a sampling of the inconsistency previously illustrated in his traverse. In some instances, Ohio's appellate courts reached the merits of applications without ever requiring *any* explanation of the reasons for the failure to file within the 90-day time period. *See e.g.,* State v. Nitenson, No. 91CA796, 1994 Ohio App. LEXIS 827 (Ohio App. Highland Co. Feb. 24, 1994) (one-year delay); State v. Hamblin, 71 Ohio St.3d 291 (1994) (at least four years passed between the appeal and the Murnahan application in the court of appeals). In other cases, however, the failure to file within 90-days was forgiven because the court determined the issue was meritorious. *See e.g.,* State v. Williams, No. 88-J-26 1995 Ohio App. LEXIS 2328 (Ohio App. Jefferson Co. June 1, 1995). In still another line of cases, the courts have denied the application on untimeliness reasons, but addressed the merits. *See e.g.*, State v. Holland, No. 92AP-853, 1994 Ohio App. LEXIS 1656 (Ohio App. Franklin Co. April 21, 1994). Still other appellate courts have determined that the apparent ineffectiveness of original appellate counsel is sufficient "good cause" for the late filing. *See e.g.,* State v. Newlin, No. 87 AP-222, 1993 Ohio App. LEXIS 3838 (Ohio App. Franklin Co. Aug. 5, 1993).

The above cases reflect that App.R. 26(B) is not a consistently applied procedural bar but, rather, a procedural quagmire. Neither the court of appeals that decided Mr. Eberle's case, nor the Ohio Supreme Court, has ever established what constitutes "good cause" under App.R.

---

[2] App.R. 26(B) states in part:

(2) An application for reopening shall contain all of the following:

\*\*\*

(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

4

26(B). Eberle's traverse demonstrated that App.R. 26(B) is anything but regularly followed. Given the Ohio court's half-hazard treatment of applications of reopening, this Court should find that the "good cause" requirement of App.R. 26(B) is not an "adequate and independent state ground" barring federal review in any instance.

If this Court finds App.R. 26(B)'s "good cause" requirement an adequate state law ground to bar relief, it should also find the failure to consider Eberle's claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). No procedural bar should prevent this Court from ensuring Eberle's right to the effective assistance of appellate counsel, given the appalling quality of his brief on appeal in state court.

### B. Substantive Analysis

### Eberle Demonstrated Appellate Counsel Was Constitutionally Ineffective

Having found that Eberle demonstrated cause and prejudice excusing any procedural default, Magistrate Hogan addressed Eberle's habeas claim on the merits and found that he failed to demonstrate that his appellate counsel was constitutionally ineffective. (Report and Recommendation, p. 16). This Court should find otherwise. Given appellate counsel's woeful brief, this Court should find Eberle was constructively denied the effective assistance of counsel, where counsel "entirely faile[d] to subject the prosecution's case to meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 659 (1984).

Pursuant to 28 U.S.C. §2254(d), a writ of habeas corpus should be granted if the state court proceedings (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. In making the

"unreasonable application" inquiry, the habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Williams v. Taylor, 120 S.Ct. 1495, 1521 (2000).

The Federal Constitution did not require the state of Ohio to provide appellate review of Eberle's convictions. However, a state, which does provide review, must do so in accord with due process. Griffin v. Illinois, 351 U.S. 12, 18 (1956). In Ohio, the right to a first appeal is guaranteed under both Section 3, Article IV and R.C. 2953.02. The accused posses a constitutional right to the effective assistance of counsel, both at trial, Cronic at 648; Strickland v. Washington, 466 U.S. 668 (1984), and on appeal, see, Evitts v. Lucey, 469 U.S. 387 (1985).

In Strickland, the Court applied a two step analysis in determining whether a defendant has been deprived of his right to effective assistance of counsel, thereby requiring reversal. First, the defendant must show that counsel's performance was deficient. Secondly, the defendant must show that the deficient performance prejudiced the defense. Id at 687. The actual or constructive denial of the assistance of counsel is legally presumed to result in prejudice. Id at 692. The presumption of prejudice extends to the denial of counsel on appeal. The two-prong performance or prejudice standard enunciated in Strickland is applicable to claims of ineffective assistance of appellate counsel. Smith v. Robbins, 528 U.S. 259, 287-88 (2000).

In applying the deficiency prong, a defendant must first show that the performance of his or her counsel was "below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, a reviewing court's scrutiny of counsel's performance is highly deferential. In order to avoid second-guessing trial counsel's strategic decisions, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

6

the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks and citation omitted).

The second prong that must be met for an ineffective-assistance-of-counsel claim to succeed is a showing that the counsel's deficient performance prejudiced the defendant. Strickland, 466 U.S. at 691-92. To satisfy this condition, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland at 686.

However, the Supreme Court has made clear, under certain circumstances, where counsel is either actually or constructively denied, prejudice must be presumed. Bell v. Cone, 535 U.S. 685 (2002) (the complete denial of counsel at a critical stage); Strickland, 466 U.S. at 659,695 (accused denied counsel at a critical stage); Cronic, 466 U.S. at 659 (counsel entirely fails to subject the prosecution's case to meaningful adversarial review); Herring v. New York, 442 U.S. 853, 865 (1975) (trial court order denying counsel the opportunity to make summation at close of bench trial). "The fundamental question, the Cronic Court suggested, is whether the trial 'process [has lost] its character as a confrontation between adversaries'; if so, then 'the constitutional guarantee is violated.' And then, it is not necessary to demonstrate actual prejudice." Rickman v. Bell, 131 F.3d 1150, 1155 (6th Cir. 1997)(internal citations omitted).

Magistrate Hogan found that Eberle was not constructively denied the effective assistance of counsel and, as a result, reviewed the Sixth Amendment claim under both Strickland prongs. This Court must disagree. Appellate counsel completely failed to subject the

7

prosecution's case to any meaningful adversarial review, given the appalling quality of the brief on appeal. Thus, Eberle need not demonstrate any prejudice from resulting counsel's ineffective representation. Prejudice is presumed. <u>Penson v. Ohio</u>, 488 U.S. 75, 88 (1988).

Describing this case as a "run-of-the-mill allegation of attorney error," Magistrate Hogan determined that Eberle failed to demonstrate that his appellate counsel was constitutionally ineffective. This is not so. Indeed, if this case is a "run-of-the-mill" ineffective assistance of counsel claim, the Sixth Amendment does not exist in Ohio's courts of appeal. Magistrate Hogan further found:

> "The appellate court determined that the child victim was competent to testify, an issue which the court *inferred* was one of appellate counsel's underlying concerns. The court also considered the propriety of the state's use of leading questions on direct examination of the victim, a matter which counsel argued *extensively* in his merit brief…"

(Report and Recommendation, p. 14)(emphasis added)

In a literal sense, Eberle did receive a direct appeal with the assistance of counsel. Appellate counsel filed a brief, raising an assignment of error. However, the Sixth Amendment is not a question of semantics, but substance. Appellate counsel "argued" on direct appeal that Eberle's conviction was against the manifest weight of the evidence, citing to just one state court decision, which to this day cannot be placed due to an improper citation form. To no surprise, the Ohio appellate court's decision makes no reference to the mysterious citation. With due respect to the Magistrate, Eberle submits appellate counsel did not "extensively" brief any matter in the brief. There was nothing extensive about the brief, except its grammatical errors and incomprehension. That the court of appeals necessarily "inferred" counsel's argument further demonstrates the brief's poor quality.

8

Appellate counsel's brief completely failed to subject the prosecution's case to any meaningful adversarial review under <u>Cronic</u>. Thus, prejudice must be presumed. "Counsel failed to make even a minimal statement of the facts which are relevant to the issues on appeal. The 'brief' is worthless. It could not have required more than five minutes to draft. No client in his right mind would pay one cent for such a performance." <u>High v. Rhay</u>, 519 F.2d. 109 (9th Cir. 1975). While Magistrate Hogan distinguished this case from one of trial counsel falling asleep, <u>Moss v. Hoffbauer</u>, 286 F.3d 851, 859 (6th Cir.), cert. denied, 537 U.S. 1092 (2002), for all practical purposes, Eberle's counsel was sleeping on appeal.

If this Court does not find that Eberle was constructively denied counsel, Eberle has certainly demonstrated under both prongs of the <u>Strickland</u> test that he received the ineffective assistance of counsel on appeal. The brief was unquestionably deficient, falling well below professional standards. Eberle does not merely assert counsel omitted a non-frivolous issue and he recognizes that tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel. <u>United States v. Perry</u>, 908 F.2d 56, 59 (6th Cir.) cert. denied, 498 U.S. 1002, (1990). However, it is not enough for counsel to simply apprise the court of the relevant issues, one must effectively advocate those claims. Eberle does not simply argue the brief fell short of the Sixth Amendment due to grammatical errors, but due to its total incomprehension. As a result counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687-88,

Counsel's deficient performance on appeal prejudiced Eberle. The prejudice inquiry involves a determination of whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Appellate counsel raised just a single issue on appeal asserting Eberle's conviction

9

was against the manifest weight of the evidence. The poor writing style, and generally incoherent legal analysis of the appellate brief made it totally worthless. See, e.g., High v. Rhay, 519 F.2d 109 (9th Cir. 1975). Counsel's brief was shoddy, unprofessional, and lacked any coherent legal argument.

While the Ohio court of appeals reviewed Eberle's manifest weight claim, it did so absent effective advocacy. That the brief appraised the appellate court of the claim did not satisfy the Sixth Amendment. While Mr. Eberle's appeal was heard on the merits in state court, counsel's brief denied him his right to effective representation on appeal, and it would be "inappropriate and irrelevant to speculate what the decision on the merits might have been." See Hendricks v. Lock, 238 F.3d 985, 989 (8th Cir. 2001). Indeed, the Ohio court of appeals even struggled with discerning the assignment of error noting, "he seems to argue that the jury lost its way in considering the child victim's testimony." (Exhibit 6, p. 3).

Like many cases charging sexual abuse, this case involves a less than ideal domestic situation, shared parenting, and a belatedly raised allegation. Notably, appellate counsel also represented Eberle at trial. The defense presented no sexual abuse expert testimony to rebut the state's case.[3] The only witnesses to the alleged abuse purportedly were the child and Eberle. When a sex abuse case boils down to such a "credibility contest," physical evidence will often be important. See Pavel v. Hollins, 261 F.3d 210, 224 (2nd Cir. 2001). The record also suggests that child's testimony may have been improperly contaminated. For example, although just nine

---

[3] Eberle asserted in his application for reopening that his conviction was against the manifest weight of the evidence; that trial counsel's failure to present expert testimony resulted in ineffective assistance of counsel; and that the state improperly utilized leading questions. These issues will be presented to the Ohio courts, if this Court issues a writ.

10

years old she used adult terms such as "vagina" and "penis." (T.p. 79). Perhaps most telling, during cross-examination, in response to a question in from which defense counsel stated she had been assaulted "nine to twelve times", the child responded that it was actually "ten to twelve" times. (T.p. 98). Further, the state's direct examination of the child was a textbook example of the improper use of leading questions during the questioning of a minor alleging sexual abuse. Given these circumstances, this Court cannot have confidence it the case's outcome.

## CONCLUSION

Kirk Eberle currently serves a maximum 100-year sentence for the sexual assault of a nine year-old child. He makes no attempts to veil the naturally unsettling nature of his case. It is precisely under this difficult circumstances, however, that courts must be ever more vigilant to make certain passions do not deny the accused a fair trial. The unfortunate circumstances of this case, did not remove Eberle's Sixth Amendment right to the effective assistance of counsel on appeal. Given appellate counsel's woeful performance, prejudice must be presumed. If this Court determines that prejudice is not to be presumed, Eberle has demonstrated both cause and prejudice under <u>Strickland</u> resulting from appellant counsel's representation. This Court cannot have confidence in Eberle's conviction given the abhorrent quality of representation on appeal. For these reasons, the writ must issue.

Respectfully submitted,

DAVID H. BODIKER  #0016590
Ohio Public Defender

 S/John Fenlon
JOHN FENLON #0042395
Assistant State Public Defender
(Counsel Of Record)

11

Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394
(614) 752-5167 (Fax)
Email:  fenlonj@opd.state.oh.us

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2003, a copy of the foregoing OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

 S/John Fenlon
JOHN FENLON #0042395
Assistant State Public Defender

COUNSEL FOR PETITIONER

190330