1 of 2 DOCUMENTS

**State of Ohio, Plaintiff-Appellee, v. Curtis Holland, Defendant-Appellant.**

No. 92AP-853 (REGULAR CALENDAR)

COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY

1994 Ohio App. LEXIS 1656

April 21, 1994, Rendered

**NOTICE:** [*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

**PRIOR HISTORY:**

Original Opinion of June 24, 1993, Reported at: 1993 Ohio App. LEXIS 3224.

**DISPOSITION:** Delayed reconsideration denied.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** Michael Miller, Prosecuting Attorney, and Katherine Press, for appellee.

Judith Stevenson, Public Defender, and David L. Strait, for appellant.

**JUDGES:** WHITESIDE, P.J., BRYANT and YOUNG, JJ., concur.

**OPINIONBY:** WHITESIDE

**OPINION:** DECISION

ON MOTION FOR DELAYED RECONSIDERATION

WHITESIDE, P.J.

Defendant, Curtis Holland, has filed a *pro se* motion, pursuant to App.R. 26(B), for delayed reconsideration of the this court's decision in *State v. Holland* (June 24, 1993), Franklin App. No. 92AP-853, unreported (1993 Opinions 2700), certiorari denied (1993), 67 Ohio St.3d 1510. In that decision, this court affirmed the judgment of the Franklin County Court of Common Pleas (finding defendant guilty of three counts of involuntary manslaughter with firearm specifications and three counts of aggravated robbery with

firearm specifications), and reversed the judgment of the Franklin County Court of Common Pleas as to the sentence imposed by that court.

App.R. [*2] 26(B) permits applications "for reopening of the appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of counsel." App.R. 26(B)(1) provides as follows:

> "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

This rule requires that the application for reopening (delayed reconsideration) must be filed "within ninety days from journalization of the appellate judgment." In this case, the subject motion was filed over six months after journalization of the judgment and nearly the same amount of time after July 1, 1993, the effective date of amended App.R. 26(B) and much longer after the decision in *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. An application for reopening filed outside the time limit should be denied unless the application shows good cause for filing [*3] at a later time. See App.R. 26(B)(2)(b) and *State v. Key* (Dec. 28, 1993), Franklin App. No. 91AP-1517, unreported (1993 Opinions 5939).

Defendant contends that the delay was a result of his inability to acquire the transcript and other necessary documents that were needed to prepare the motion. However, even if the motion had been timely filed, the alleged assignments of error have no merit.

Defendant contends that his appellate counsel was ineffective upon the original appeal in three respects. The first and second shall be discussed together because defendant contends that his counsel failed to alert this court of the alleged federal constitutional issue of double jeopardy, thus barring a direct appeal to the federal courts. Defendant was indicted on three counts of aggravated murder with capital and firearm specifications; three counts of aggravated murder while committing or attempting to commit, or fleeing from the crime of aggravated robbery; three counts of aggravated robbery, and one count of felonious assault. Each of these counts also contained firearm specifications. The counts of aggravated murder were dismissed, and a jury trial took place. Defendant was convicted [*4] of three counts of involuntary manslaughter with firearm specifications and three counts of aggravated robbery with firearm specifications.

Defendant argues that a dismissal of the three counts of the indictment for aggravated murder pursuant to R.C. 2903.01(A) prevents prosecution of the three counts of the indictment for aggravated murder pursuant to R.C. 2903.01(B) because the same conduct is necessarily relied upon for both crimes and the Double Jeopardy Clauses of the United States and Ohio Constitutions preclude a second prosecution.

Defendant contends that jeopardy had attached in this case. He stated in his memorandum in support, "The prosecution after the Jury was sworn moved the trial court to Dismiss these counts by *nolle prosequi* (TR. 16-19)." Even assuming he is correct, double jeopardy did not attach so as to prevent further prosecution of the other charges.

The Ohio Supreme Court has set forth in *Shearman v. Van Camp* (1992), 64 Ohio St.3d

468, 469, 597 N.E.2d 90, citing *State v. Thomas* (1980), 61 Ohio St.2d 254, 258-260, 400 N.E.2d 897, that "the Double Jeopardy Clauses contained in the Ohio and the United States Constitutions protect an accused from [*5] multiple prosecutions and multiple punishments for the same offense." But in this case, the offenses were not the same offense. R.C. 2903.01(A) provides that "no person shall purposely, and with prior calculation and design, cause the death of another." R.C. 2903.01(B) provides that:

> "no person shall purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or escape."

Defendant argues that, to prove the elements of aggravated murder while committing or attempting to commit or while fleeing after committing or attempting to commit a felony, the prosecution must have necessarily relied upon the conduct involved in aggravated murder, upon which counts were dismissed.

The test to determine whether two statutory provisions are sufficiently distinguishable so as to permit multiple punishments has been set forth by the United States Supreme Court in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, as:

> "'The applicable rule is that [*6] where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *'" *Blockburger, supra,* at 304, as cited in *Thomas, supra*, at 259.

The Supreme Court qualified its position in subsequent cases so as to allow a a clear indication of contrary intent by the legislature to control. See *Albernaz v. United States* (1981), 450 U.S. 333, 67 L. Ed. 2d 275, 101 S. Ct. 1137; *Whalen v. United States* (1980), 445 U.S. 684, 63 L. Ed. 2d 715, 100 S. Ct. 1432*; State v. Hughley* (1984), 20 Ohio App.3d 77, 484 N.E.2d 758.

Although both offenses in this case require proof of "purposely," R.C. 2903.01(A), also requires proof of "prior calculation and design." R.C. 2903.01(B) requires an additional element of committing or attempting to commit or while fleeing after committing or attempting to commit a felony. Therefore, the crimes do not constitute the same crime. As such, if multiple punishments may be imposed for these crimes, certainly they can be joined in the same indictment. See, also, [*7] *Wilson v. Rogers* (1993), 68 Ohio St.3d 130, 131, 623 N.E.2d 1210, in which eleven of twenty indictments were dismissed by the trial court, but since the counts on which the defendant was convicted were separate offenses from the counts that were dismissed, double jeopardy did not apply. Similarly, the Double Jeopardy Clauses do not apply under these circumstances.

The United States Supreme Court has also addressed a similar situation in *Ohio v. Johnson* (1984), 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536. In *Johnson*, the defendant was indicted in a single indictment of four offenses resulting from a killing and a theft. He pled guilty to involuntary manslaughter and theft charges, and the trial court dismissed the murder and aggravated robbery charges over the objection of the state. The

defendant argued that further prosecution of the murder and aggravated robbery charges violated the double jeopardy prohibitions. However, the United States Supreme Court held that the Double Jeopardy Clause does not prohibit the state from continuing its prosecution of defendant on the murder and aggravated robbery charges. In that case, the defendant argued that further prosecution [*8] on the remaining offenses after conviction and sentence would implicate the double jeopardy protection against a second prosecution following conviction. The court responded:

> "* * * Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. *We have never held that, and decline to hold it now.*" *Johnson*, at 501. (Emphasis added.)

Additionally, this court has previously cited language which makes this situation more clear. See *State v. Crago* (Mar. 1, 1994), Franklin App. No. 92AP-542, unreported (1994 Opinions 630), 647, quoting *Mauk v. State* (1992), 91 Md. App. 456, 605 A.2d 157. In *Mauk*, the Court of Special Appeals of Maryland stated:

> "In the context of a multi-count indictment or a multi-indictment trial involving related offenses, multiple jeopardies for different manifestations of the 'same offense' routinely [*9] begin simultaneously and run along parallel tracks. Clearly, no double jeopardy problem is involved. In a multi-count indictment for armed robbery, for instance, simultaneously jeopardies will be suffered for 1) armed robbery, 2) simple robbery, 3) theft, and 4) assault and battery. In a literal sense, this involves not simply double jeopardy or even triple jeopardy but quadruple jeopardy for the 'same offense,' except that that is not the way we count. The reason there is no impediment to these apparently multiple parallel jeopardies is that 'double jeopardy' essentially means 'former jeopardy' and is primarily concerned, therefore, with regulating subsequent and sequential jeopardies. In the fundamentally different environment of simultaneous jeopardy, its only concern is with the avoidance of multiple punishment and that is a concern that is not addressed until the time for sentencing.

> "While these routinely simultaneous jeopardies are legitimately proceeding along their parallel tracks, the termination of jeopardy on one or more of the tracks -- through the declaration of a mistrial, the entry of a *nol pros*, the granting of a directed verdict of acquittal, the [*10] rendering of a verdict of acquittal, the rendering of a verdict of conviction, etc. -- has no carryover effect on the other jeopardies still proceeding along their own tracks. Double jeopardy, limited as it is to a plea in bar, cannot be interposed to bar the attachment of jeopardy that has already attached. As a plea in bar, it

simply comes too late. *** " *Mauk, supra,* at 167.

Therefore, since the Double Jeopardy Clauses do not apply to these circumstances, the defendant's first and second claims contending he lacked effective assistance of counsel have no arguable merit.

The third instance in which the defendant contends that his appellate counsel was ineffective upon the original appeal is that his counsel failed to raise the fact that the sentencing court imposed consecutive sentences for involuntary manslaughter and aggravated robbery when the alleged crimes were committed under the same "animus," thus denying him due process and equal protection of the law. Defendant contends that he should only have been convicted of one count of involuntary manslaughter, not three counts. He cites R.C. 2941.25(A) and (B) as authority for this argument. In the direct appeal to this [*11] court, appellate counsel made this argument, and this court held that three convictions were appropriate here since three victims were involved. See *Holland, supra*, at 2703-2704.

Additionally, this court found that, under these circumstances, the offenses of involuntary manslaughter and aggravated robbery are allied offenses of similar import. The offenses were allied offenses of similar import because the instructions given by the court made them allied offenses of similar import. We reversed the trial court's judgment of conviction for both involuntary manslaughter and aggravated robbery and remanded the case back to that court with instructions to modify the sentence. Since defendant's appellate counsel did raise this issue and it was considered by this court, defendant did not lack effective assistance of counsel on direct appeal.

Since the motion is not timely filed, and the issues as to ineffective assistance of appellate counsel have no arguable merit, the motion for delayed reconsideration is denied.

*Delayed reconsideration denied.*

BRYANT and YOUNG, JJ., concur.

190699