1 of 2 DOCUMENTS

**State of Ohio, Plaintiff-Appellee, v. Gordon C. Newlin, Defendant-Appellant.**

**No. 87AP-222 (REGULAR CALENDAR)**

**COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY**

**1993 Ohio App. LEXIS 3838**

**August 5, 1993, Rendered**

**DISPOSITION:** [*1]

Motion for delayed reconsideration denied.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:**

Michael Miller, Prosecuting Attorney, Patrick E. Sheeran and Joyce S. Anderson, for appellee.

Dennis C. Belli, for appellant.

**JUDGES:** DESHLER, WHITESIDE, PETREE

**OPINIONBY:** DESHLER

**OPINION:**

DECISION

ON MOTION FOR DELAYED RECONSIDERATION

DESHLER, J.

Defendant-appellant, Gordon C. Newlin, has filed an application for delayed reconsideration of this court's decision in State v. Newlin (June 23, 1988), 1988 Ohio App. LEXIS 2454, Franklin App. No. 87AP-222, unreported (1988 Opinions 2226), wherein this court affirmed judgments of the Franklin County Court of Common Pleas finding defendant guilty of aggravated murder and involuntary manslaughter and various other counts in the indictment unrelated to the issues now before the court. The trial court found the involuntary manslaughter count merged with the aggravated murder count and, therefore, did not sentence defendant on the former. Defendant was sentenced to life imprisonment for the aggravated murder of Laura Carter. Following this decision, appellant filed a pro se motion for reconsideration which was generally denied, but allowed to the extent the appellant was ordered to be resentenced [*2]

regarding one count of conspiracy pursuant to R.C. 2023.01(F).

In State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the Ohio Supreme Court delineated a procedure for filing a motion for reconsideration after the normal time for filing for reconsideration had expired. A criminal defendant may raise a claim of ineffective assistance of appellate counsel by applying for "delayed reconsideration" of his direct appeal in the court of appeals where the alleged ineffective assistance of counsel occurred. App.R. 26(B) became effective July 1, 1993. The rule now sets forth a procedure mandated by Murnahan, under the heading, "Application for Reopening."

Bringing an application for delayed reconsideration has been a two-stage process. In the first stage, the court of appeals must determine based upon the defendant's application, affidavits and portions of the record before it, whether the defendant has set forth a colorable claim of ineffective assistance of appellate counsel and, if so, whether such ineffective assistance of counsel prejudicially affected the outcome of defendant's direct appeal. If the court of appeals determines that defendant has made the requisite showing, [*3] the court shall then reinstate defendant's direct appeal, commencing the second stage of the process.

Appellant now claims his original appellate counsel was ineffective for failing to bring the following new assignments of error:

"Assignment of Error No. 8:

"The common pleas court erred to appellant's prejudice in (1) overruling defendant-appellant's exception to the jury charge with respect to the inconsistency between count one of the indictment, aggravated murder of Laura Carter and count nine of the indictment, involuntary manslaughter of the same victim, (2) instructing the jury that is was permissible to return inconsistent verdicts of guilty of both aggravated murder and involuntary manslaughter in respect to one victim, (3) after the jury returned verdicts of guilty upon both aggravated murder and involuntary manslaughter in respect to the same victim, failing to direct the jury to deliberate further with instructions that it may return a guilty verdict of either aggravated murder or involuntary manslaughter, but not both, and (4) entering a judgment of conviction upon the aggravated murder guilty verdict.

"Assignment of Error No. 9:

"The prosecution [*4] having failed to prove that defendant appellant specifically intended to cause the death of Laura Carter, the common please [sic] court erred to defendant-appellant's prejudice in denying his motion for a judgment of acquittal as to count one of the indictment, aggravated murder, and in instructing the jury that defendant-appellant may be found guilty of aggravated murder if a gunshot accidentally caused the death of Laura Carter."

To proceed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Strickland v. Washington (1984), 466 U.S. 668, 687-688. State v. Seiber (1990), 56 Ohio St.3d 4, 11, 564 N.E.2d 408. A defendant must then show that "* * * there is a reasonable probability

that but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, at 694. Applying this standard to the case before us, we are unable to conclude that defendant's appellate counsel was ineffective within the meaning of Strickland.

Defendant alleges that his appellate counsel was ineffective for failing to raise [*5] various claims of error relating to the court's instructions and acceptance of the verdicts returned by the jury. The defendant first complains that error should have been asserted as a result of the trial court instructing the jury on aggravated murder and in a separate court of the indictment for involuntary manslaughter. Additionally, defendant claims counsel should have asserted error based on the trial court's answer to a jury question that permitted a verdict of guilty to be returned for both aggravated murder and involuntary manslaughter arising from the same incident. The defendant, relying principally on this court's decision in State v. Tanner (Dec. 31, 1991), 91AP-263 and 91AP-651, unreported (1991 Opinions 6169), argues that the court's instructions on the two homicide related charges and the court's answer to a jury question, as well as the acceptance of the verdict, was an error as the two offenses are inconsistent. He further argues the jury should not have been permitted to consider the aggravated murder charge and involuntary manslaughter charge unless the latter was identified as a lesser included offense.

The defendant, among other charges, was indicted for aggravated [*6] murder, R.C. 2901.03(A) and for involuntary manslaughter, R.C. 2903.04(A). The state proceeded to trial on the theory of transferred intent, there being no dispute that the actual victim of the shooting that occurred, Laura Carter, was not the intended victim. The indictment for involuntary manslaughter arose from the claim the defendant's action resulted in the victim's death while committing a felony, felonious assault. The record clearly reveals the state wanted to prosecute the two offenses separately as opposed to conceding that involuntary manslaughter would be before the jury as a lesser included offense. It is well settled that involuntary manslaughter is a lesser included offense of murder. See State v. Rohdes (1986), 23 Ohio St.3d 225, 492 N.E.2d 430 and State v. Kidder (1987), 32 Ohio St.3d 279, 513 N.E.2d 311. The state argued that the two offenses, aggravated murder and involuntary manslaughter were consistent from the standpoint the concept of transferred intent, necessary to the establishment of intent involving aggravated murder, did not apply to involuntary manslaughter. The trial court accepted this argument over objections of trial counsel. The concept of transferred [*7] intent can apply to aggravated murder, as affirmed in State v. Richey (1992), 64 Ohio St.3d 353, 595 N.E.2d 915. Since involuntary manslaughter is a lesser included offense of murder and the greater degree of homicide cannot be committed without committing the lesser of the offenses, conviction on both is not inconsistent. The consideration of an offense as a lesser included offense is succinctly stated in Kidder, supra, wherein the court stated:

> "Again, to clarify, the entire lesser-included-offense analysis, for purposes of R.C. 2945.74, is as follows: an offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. Even though so

defined, a charge on the lesser included offense is not required, unless the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements [*8] of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense."

Therefore, the trial court's consideration of the two offenses under the facts in this case did not result in prejudicial error. This court's decision in Tanner, supra, involved a different factual context and is not dispositive of the decision in the case sub judice. Even if it would be deemed inconsistent, there is authority for permitting inconsistent verdicts on separate counts. As stated, in State v. Adams, (1978), 53 Ohio St.2d 223, 374 N.E.2d 137:

"2. The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different couns [sic], but only arises out of inconsistent responses to the same count." (Citation omitted.) Id. at paragraph two of the syllabus.

More importantly, the defendant has overlooked the impact of R.C. 2941.25(A), which states:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment [*9] or information may contain counts for all such offenses, but the defendant may be convicted of only one."

As stated in State v. Darga (1985), 30 Ohio App.3d 54, 506 N.E.2d 266:

"However, R.C. 2941.25 has not been interpreted to mean that a person cannot be indicted or charged, tried, and found guilty of multiple offenses, even when they are allied offenses. " (Citations omitted.) Id. at 56.

And as more specifically addressed in State v. Kent (1980), 68 Ohio App.2d 151, 428 N.E.2d 453, "the allied offense statute merely provides that where allied offenses are present, the person can only be convicted of one of the offenses. Conviction in this context means a judgment of conviction." Id. at 154. (Emphasis added.) And, as stated in State v. Henderson (1979), 58 Ohio St.2d 171, 389 N.E.2d 494, a "conviction" is defined as more than a verdict or finding of guilty. Henderson states that a conviction means a combined occurrence of a plea or verdict and/or finding of guilty and the sentence imposed. Accordingly, a defendant may be prosecuted for and convicted of two similar offenses, but sentenced on only one conviction.

While standing alone and in the manner it was [*10] answered, the trial court's response of "yes" to the jury's question of whether the jury could convict defendant of both aggravated murder and involuntary manslaughter was correct. While it was deserving of more explanation, we cannot conclude the answer given to the jury warranted the obvious necessity of a challenge by appellate counsel. For reasons already stated, the defendant was, under the facts presented, found guilty of both offenses and this is permissible considering the facts of this case, even though the jury was not

instructed that involuntary manslaughter is a lesser included offense.

The defendant's other claim of ineffective assistance of appellate counsel is essentially a claim the trial court committed error by failing to dismiss the aggravated murder charge on motion for dismissal for insufficient evidence and for an error in instructing the jury erroneously that defendant could be found guilty of aggravated murder if a gunshot accidentally caused the death of Laura Carter. We do not find the court's jury instruction is literally as claimed by defendant and since the claim of failing to dismiss the aggravated murder count was considered in the defendant's original [*11] appeal, such issue is precluded by the doctrine of res judicata. The trial court's instructions on transferred intent were sufficient to avoid the application of the concept of "plain error." We cannot conclude that appellant's counsel's failure to raise either of these issues on appeal met the standards set forth in Strickland, supra. Thus, we find no merit in defendant's second assignment of error relating to ineffective appellate counsel.

The appellant has raised claims of ineffective assistance of appellate counsel for what amounts to a failure to advance claims of error that are without merit. Appellant has not shown prejudice or any conformity to the requirements established in Strickland, supra. In view of these circumstances, language from the case of Engle v. Isaac (1982), 456 U.S. 107, 102 S. Ct. 1558, is appropriate. "* * * We have long recognized, however, that the constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. * * *" Id. at 1575.

Based upon the foregoing, defendant's motion provides no substantive grounds for relief and, accordingly, [*12] defendant's application for delayed reconsideration is denied.

Motion for delayed reconsideration denied.

WHITESIDE and PETREE, JJ., concur.

190696