1 of 1 DOCUMENT

**STATE OF OHIO, Plaintiff-Appellee v. MICHAEL NITENSON, Defendant-Appellant**

**Case No. 91CA796**

**COURT OF APPEALS OF OHIO, FOURTH APPELLATE DISTRICT, HIGHLAND COUNTY**

**1994 Ohio App. LEXIS 827**

**February 24, 1994, Filed**

**NOTICE:** [*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:**

Michael Nitenson, Chillicothe, Ohio, Pro Se.

Rocky A. Coss, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

**JUDGES:** Stephenson, Abele, Grey

**OPINIONBY:** EARL E. STEPHENSON

**OPINION:**

DECISION AND JUDGMENT ENTRY ON APPLICATION FOR REOPENING APPEAL

Stephenson, J.

This matter now comes on for review of appellant's application to reopen his appeal. Appellant previously pled no contest to nine (9) counts of telephone harassment, in violation of R.C. 2917.21(B), and on October 17, 1991, was found guilty of those charges by the court below. Appellant was sentenced to "a definite determinate term of six months as to each of the nine counts" with each sentence to run consecutively to the others. We affirmed this conviction in State v. Nitenson (Sep. 9, 1992), Highland App. No. 796, unreported.

On October 21, 1993, appellant filed an application to reopen his appeal. His argument is that the sentences imposed below violate state law and provisions of both the Ohio and United States Constitution. Appellant concludes that counsel was ineffective for failing to [*2] raise these issues during the first appeal. The state subsequently filed

1994 Ohio App. LEXIS 827, *

a memorandum in opposition arguing that no substantive grounds for relief had been shown.

We note at the outset that a criminal defendant has the right to effective assistance of trial counsel. See e.g. McMann v. Richardson (1970), 397 U.S. 759, 770 at fn. 14, 25 L. Ed. 2d 763, 90 S. Ct. 1441. A conviction will not be reversed on the grounds of ineffective assistance of trial counsel unless it can be shown that (1) counsel's performance was deficient, and (2) such performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 587, 80 L. Ed. 2d 674, 104 S. Ct. 2052. The so-called "Strickland standard" has been applied whenever a claim of ineffective assistance of trial counsel has been raised in an Ohio court. See e.g. State v. Watson (1991), 61 Ohio St.3d 1, 12-13, 572 N.E.2d 97; State v. Coleman (1989), 45 Ohio St.3d 298, 307, 544 N.E.2d 622; State v. Smith (1985), 17 Ohio St.3d 98, 100, 477 N.E.2d 1128.

A criminal defendant also is entitled to effective assistance of appellate counsel on a first appeal as of right. Evitts v. Lucey (1985), 469 U.S. [*3] 387, 396, 83 L. Ed. 2d 821, 105 S. Ct. 830; also see In re Petition of Brown (1990), 49 Ohio St.3d 222, 223, 551 N.E.2d 954. The failure to provide effective assistance of appellate counsel constitutes a denial of significant constitutional rights and requires a reversal of the conviction. See e.g. Penson v. Ohio (1988), 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346. It was recently determined by the Ohio Supreme Court that claims of ineffective assistance of appellate counsel are to be raised in this state by means of an "application for [delayed] reconsideration." See State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204 at paragraph two of the syllabus. In so doing, the court called upon its Rules Advisory Committee to investigate whether a new rule was needed to better facilitate such claimants. Id. at

66, fn. 6. Recent amendments to this state's appellate rules now provide a new vehicle called an "application to reopen appeal" in response to the Murnahan decision. See Staff Note (July 1, 1993 Amendment) to App.R. 26. n1

n1 Appellant was, apparently, unaware of recent changes to the appellate rules and styled his request below as a motion for delayed reconsideration pursuant to Murnahan. In order to remain consistent with the vernacular of App.R. 26(B), we treat this motion as an application for reopening appeal.

[*4]

Neither App.R. 26(B), nor the Murnahan decision, specifies a definitive standard of review to be employed by the courts of appeals in reviewing these claims. The federal courts, however, have continued to apply the Strickland standard to such claims in that forum, see e.g. Duhamel v. Collins (C.A. 5 1992), 955 F.2d 962, 967; Heath v. Jones (C.A. 11 1991), 941 F.2d 1126, 1130, and that standard is intended to be applied to such claims in this state. See Staff Note to App.R. 26 (July 1, 1993 Amendment). In filing an application for delayed reconsideration in the court of appeals, a criminal appellant is required to make a "colorable claim" of ineffective assistance of appellate counsel. Murnahan, supra at 66. The court of appeals must then determine whether there are any "substantive grounds for relief." Id. Reconsideration will only be granted when the applicant demonstrates a "genuine issue" as to whether he was deprived of the effective assistance of appellate counsel. App.R. 26(B)(5). A failure to make such a demonstration will preclude the criminal defendant from prevailing on his application. See State v. McGlone (1992), 83 Ohio App.3d 899, 903, [*5] 615 N.E.2d 1139.

1994 Ohio App. LEXIS 827, *

With this in mind, we turn to the following assignments of error raised by appellant in his brief:

I. "Appellant was deprived of the effective assistance of counsel required by the 6th. amendment to the U.S. Const. on his first appeal of right, when that counsel failed to recognize and raise as an error on that appeal, that, the nine consequetive [sic] sentences of six months were subject to the 'Doctrine of Merger' and R.C. 2941.25(A)."

II. "Appellant was deprived of the effective assistance of counsel required by the 6th amendment to the U.S. Const. on his first appeal of right, when that counsel failed to raise as an error on that appeal, that his client may have been subjected to 'double jeeporady [sic]' in violation of his rights guaranteed by the 5th. amendment to the U.S. Constitution."

III. "Appellant was deprived of the effective assistance of counsel required by the 6th amendment to the U.S. Const. on, his first appeal of right, when that counsel failed to raise as an error on that appeal, that appellant's trial counsel may have failed in a specific duty to his client, when he did not move the trial court to consider if appellant's sentence [*6] would require imposition of the "doctrine of merger" and also did not move the trial court to consider that his client may have been deprived of his 5th. amendment protections against double jeopardy."

Before turning to the merits of these assignments of error, we parenthetically note that appellant's application is procedurally deficient and could, arguably, be denied on that basis alone. The appellate rules require that an application for reopening an appeal contain, inter alia, a showing of "good cause" for untimely filing (if more than ninety (90) days after entry of appellate judgment) and a "sworn statement" of the basis for an ineffective assistance claim. See App.R. 26(B)(2)(b)&(d). Appellant has offered no explanation as to why his application was filed more than one (1) year after we journalized our affirmation of his conviction and he gives no sworn statements whatsoever in his application. Nevertheless, this court has steadfastly declined to hold pro se litigants to the same standard as attorneys, see Wright v. Miller (Mar. 8, 1991), Highland App. No. 752, unreported at 5, and has afforded considerable leniency to such actions brought by prisoners. [*7] See State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827; In re Paxson (Jul. 1, 1992), Scioto App. No. 91CA2008, unreported at 1-2. These considerations, as well as the interests of justice, compel us to review appellant's application notwithstanding its procedural deficiencies.

We consider appellant's three assignments of error together as they raise only different facets of the same argument. The position advanced herein is that the nine sentences could not be imposed consecutively without violating both constitutional double jeopardy protections and the merger provisions of R.C. 2941.25. Appellant charges that his appellate counsel was ineffective for failing to challenge the legality of the consecutive sentencing. We disagree.

The Fifth Amendment to the United States Constitution assures every citizen that they will not twice be put in jeopardy of life or limb. This double jeopardy protection is applicable to the states

1994 Ohio App. LEXIS 827, *

through the Fourteen Amendment, see North Carolina v. Pearce (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072; Benton v. Maryland (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056, and similar protection [*8] is found under Section 10, Article I, Ohio Constitution. The Double Jeopardy Clauses under both constitutions protect individuals from, among other things, multiple punishments for the same offense.  Grady v. Corbin (1990), 495 U.S. 508, 516, 109 L. Ed. 2d 548, 110 S. Ct. 2084; Jones v. Thomas (1989), 491 U.S. 376, 381, 105 L. Ed. 2d 322, 109 S. Ct. 2522; also see Shearman v. Van Camp (1992), 64 Ohio St.3d 468, 469, 597 N.E.2d 90. Similarly, if a defendant's conduct can be construed as constituting two or more allied

offenses of similar import, there may be an indictment on several counts but a conviction on only one. See$ O R.C. 2941.25(A). Our review of the record in the cause sub judice reveals no violation of either principle.

The flaw in appellant's argument is that he fails to distinguish between the separate offenses he committed. His conduct did not constitute one single offense, or even allied offenses, merely because his modus operandi on all such incidents was a harassing phone call. A review of the indictment in this case reveals the following information about the dates those calls were made and their recipients:

_____

_____

| COUNT | VICTIM | DATE |
| --- | --- | --- |
| I | Hazel Lamb | 10-7-90 |
| II | Rita Rose | 10-7-90 |
| III | Wendy Bernard | 10-17-90 |
| IV | Wendy Bernard | 10-18-90 |
| V | Gloria Chestnut | 11-11-90 |
| VI | Mia Cooper | 10-23-90 |
| VII | Gretchen Warren | 10-23-90 |
| VIII | Schreene Drake | 10-8-90 |
| IX | Schreene Drake | 10-10-90 |

_____

_____

[*9]

Appellant's conduct was, for the most part, directed at different individuals on each occasion. Ms. Bernard and Ms. Drake received multiple phone calls, but they occurred on different dates. In short, appellant's conduct on each occasion constituted a separate identifiable offense. Double jeopardy protections are not violated in these instances where there are separate victims, see e.g. Ex Parte Rathmell (Tex.App. 1986), 717 S.W.2d 33, 36; State v. James (Utah 1981), 631 P.2d

854, 856; Clay v. State (Okl.App. 1979), 593 P.2d 509, 510, or when there are multiple incidents of criminal conduct. See e.g.  United States v. Easley (C.A.8 1991), 927 F.2d 1442, 1452. Similarly, there was no violation of the merger provisions of R.C. 2941.25(A). This statute does not apply to multiple criminal violations. State v. McClellan (Jun. 26, 1991), Meigs App. No. 451, unreported at 6; also see State v. Lapping (1991), 75 Ohio App.3d 354, 364, 599 N.E.2d 416. A criminal defendant

1994 Ohio App. LEXIS 827, *

cannot commit the same offense repeatedly over weeks or months and then take refuge behind R.C. 2941.25(A) arguing that "it was all one course of criminal conduct." See State v. Mutter (1983), [*10]   14 Ohio App.3d 356, 358, 471 N.E.2d 782; also see State v. Amato (1989).  55 Ohio App.3d 32, 33, 561 N.E.2d 1058. The nine consecutive sentences imposed below did not violate the Double Jeopardy Clauses of either the state or federal constitution and they were not required to merge pursuant to R.C. 2941.25(A).

Failure of defense counsel to raise meritless claims is not ineffective assistance. Thomas v. United States (C.A.8, 1991), 951 F.2d 902, 905. It would follow then that appellate counsel was not ineffective for failing to raise these issues on appeal. The process of winnowing out weaker

190698

arguments on appeal and focusing on those more likely to prevail, for from being evidence of incompetence, is the hallmark of effective appellate advocacy.  Smith v. Murray (1986), 477 U.S. 527, 536, 91 L. Ed. 2d 434, 106 S. Ct. 2661; Jones v. Barnes (1983), 463 U.S. 745, 751-752, 77 L. Ed. 2d 987, 103 S. Ct. 3308. Appellant's application sets forth no substantive grounds for relief and we are not persuaded that there is any "genuine issue" as to whether he was deprived of the effective assistance of appellate counsel as specified   in   App.R.   26(B).   Accordingly, appellant's application [*11]  is denied.

Abele, J. and Grey, J., Concur:

   Earl E. Stephenson, Judge