1 of 2 DOCUMENTS

STATE OF OHIO, PLAINTIFF-APPELLEE, VS. SAMUEL WILLIAMS, DEFENDANT-APPELLANT.

CASE NO. 88-J-26

COURT OF APPEALS OF OHIO, SEVENTH APPELLATE DISTRICT, JEFFERSON COUNTY

1995 Ohio App. LEXIS 2328

June 1, 1995, Decided

**NOTICE:** [*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

**PRIOR HISTORY:**

CHARACTER OF PROCEEDINGS: Criminal Appeal from Common Pleas Court. Case No. 87-CR-70.

**DISPOSITION:**

JUDGMENT: Reversed and Remanded

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:**

For Plaintiff-Appellee: Stephen M. Stern, Prosecuting Attorney, Debra Romantic-Boros, Assistant Prosecuting Attorney, Steubenville, Ohio.

For Defendant-Appellant: James Kura, Ohio Public Defender, Kort Gatterdam, Assistant State Public Defender, Ohio Public Defender Commission, Columbus, Ohio.

**JUDGES:** Hon. Joseph E. O'Neill, Hon. Gene Donofrio, Hon. Edward A. Cox. O'Neill, P. J., concurs, Cox, J., concurs

**OPINIONBY:** Gene Donofrio

**OPINION:**

OPINION

DONOFRIO, J.

This matter was previously before this court on direct appeal. On July 3, 1990, this court entered its affirmance of a jury verdict wherein defendant-appellant, Samuel Williams, was convicted of aggravated murder following a trial in the Jefferson County Common Pleas Court in June of 1988. The

same attorneys which handled the trial and the previous appeal then filed an appeal with the Ohio Supreme Court. The Supreme Court dismissed the appeal on December 19, 1990.

On October 7, 1992, appellant, [*2] by and through new counsel, filed an application for delayed reconsideration based upon the Ohio Supreme Court's decision in State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. Murnahan permits a delayed claim of ineffective assistance of appellate counsel. The basis of that application was appellate counsel's failure to assign as error certain "acquittal first" instructions that were given to the jury before they could consider a lesser included offense, a violation of the holding in State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, U.S. certiorari denied (1989), 493 U.S. 826, 107 L. Ed. 2d 54, 110 S. Ct. 89. The holding in Thomas was announced subsequent to appellant's trial, but in time to raise the issue on appeal. Appellant's counsel did not raise the issue in appellant's first appeal.

The issue raised in this appeal centers on two instructions to the jury regarding the lesser included offense of murder. The first questioned instruction was given before the jury entered deliberations. The second questioned instruction was given the morning preceding the jury's second day of deliberations when the trial court gave amplified instructions as to [*3] how the jury should consider the lesser included offense of murder.

In appellant's first assignment of error, he contends:

> "The trial court erred in instructing the jury that they must acquit appellant of aggravated murder before they could consider the lesser included offense of murder. Said error deprived appellant of his Ohio and United States constitutional rights to due process of law."

In appellant's second assignment of error, he contends:

> "Appellant was deprived of his right to the effective assistance of trial and appellate counsel, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section Ten of the Ohio Constitution when his trial counsel failed to object to an acquittal first instruction and the same counsel on appeal failed to raise the acquittal first issue."

Since this case is being considered by us pursuant to State v. Murnahan, supra, we must restrict our analysis to that portion of appellant's second assignment of error which claims a deprivation of effective assistance of appellate counsel. As such, the first assignment of error is overruled.

With the foregoing in mind, error by the trial [*4] court as claimed by appellant must be such that previous appellate counsel should have raised it in the original appeal of this action. Further, counsel's failure to do so must have resulted in prejudice to the appellant. We thus begin with first determining if the instructions at issue were in fact error.

In State v. Thomas, supra, the Ohio Supreme Court referred to instructions wherein a jury is told that they must unanimously find a defendant not guilty of an offense before considering a lesser included offense as an "acquittal first" instruction. The Supreme Court then indicated in Thomas, at 219-220, that:

> "*** We reject the 'acquittal first' instruction approved by the court of

appeals below because such an instruction encroaches on the province of the jury to decide questions of fact and to arrive at a verdict based on all the evidence before it and on all the various offenses on which it has been properly instructed.

"The defendant's right to have the jury instructed on a lesser included offense is fundamental to providing defendant with a fair trial. *** Although the risk of coerced decisions may be present in any jury deliberation, *** the 'acquittal [*5] first' instruction exacerbates such risk."

Despite its holding in Thomas, the Supreme Court opted not to reverse the conviction of the defendant in that particular case. The instruction in question in the Thomas case reads:

"'If you find that The State has proven beyond a reasonable doubt all of the essential elements of the crime of aggravated murder, then your verdict must be that the Defendant is guilty of aggravated murder; and you will not consider the lesser offense.

"'However, if you find that The State has failed to prove beyond a reasonable doubt the element of prior calculation and design, then your verdict must be that the Defendant is not guilty of aggravated murder.

"'You will then proceed with your deliberations and decide whether The State has proven beyond a reasonable doubt all of the essential elements of the lesser crime of murder.'" State v. Thomas, supra, at 220

The Supreme Court found that the above instruction did not expressly require a unanimous acquittal on the charged crime before the jury was permitted to consider the lesser included offense. The Supreme Court indicated that this instruction addresses possible disagreement [*6] by the jury on an element of the crime and a corresponding inability to reach a verdict of aggravated murder.

The Supreme Court went on to state that this instruction has negligible coercive potential because it speaks to the jury's inability to find, whether unanimously or not, a certain element of the greater offense. The court went on to affirm the conviction of aggravated murder while stressing that a better instruction would have been to incorporate the "inability to agree" language adopted by the court in its opinion.

The trial court's instructions that are first questioned in the present case are as follows:

"Finally you may find that the Defendant is not guilty of both the charge of aggravated murder and the specification. Any of these verdicts reached by your body must be unanimous.

"If you find that the State has failed to prove each and every element of the crime of aggravated murder as I have instructed you, you will then return a verdict of not guilty to that charge. At this point you will then continue to deliberate and determine whether or not the Defendant is guilty of the lessor (sic.) included charge of murder." (Tr. 760)

In the present case, [*7] appellee, State of Ohio, contends that these jury instructions given

after trial did not expressly require a unanimous "not guilty" verdict before consideration of the lesser included offense. Appellee contends that these instructions were very similar to the instructions given in the Thomas case, which were approved by the Supreme Court.

We agree with appellee that these instructions are very similar to the Thomas instructions. In reading both instructions, they are very close in wording and in how we would interpret them. According to Thomas, both are acceptable. Appellant emphasizes that the paragraph prior to the first instruction refers to the fact that "Any of these verdicts reached by your body must be unanimous." This reference was to several possible verdicts referred to prior to the instruction in question. We feel that this instruction when read in total with all of the other instructions given right after the trial, as in Thomas, did not expressly require a unanimous acquittal before considering the lesser included offense.

A review of this court's journal entry of November 13, 1992 permitting appellant's application for delayed reconsideration indicates [*8] that when this first instruction is read in total it does not create substantial grounds for relief.

> "If you find that the State has failed to prove each and every element of the crime of aggravated murder as I have instructed you, you will then return a verdict of not guilty to that charge. At this point you will then continue to deliberate and determine whether or not the Defendant is guilty of the lessor (sic.) included charge of murder." (Tr. 760)

As in Thomas, this instruction has "negligible coercive potential" because it speaks to the jury's inability to find, whether unanimously or not, all elements of the greater offense.

We are not persuaded that this instruction, which was given before the jury began deliberations, unduly prejudiced the appellant. Thus, we do not find prejudicial effect with this instruction although a better instruction would have been to incorporate the "inability to agree language" that Thomas adopted. Even though the instruction may have been somewhat confusing and ambiguous, as in Thomas, it is our finding that when read as a whole with the balance of instructions it is not prejudicial. Therefore, trial counsel was not ineffective [*9] in failing to object to it. Further, ineffective assistance of appellate counsel did not occur by appellate counsel failing to question this instruction on appeal.

The second instruction at issue was given on the morning of the second day of deliberations after the jury was unable to reach a verdict. The court instructed the jury that:

> "*** You are really into a situation of just determining in accordance with the instructions you received on reasonable doubt as to whether or not the State proved its case beyond a reason able (sic.) doubt against the defendant. And your possibilities are he is guilty of aggravated murder, if you don't agree on that and you are unanimous in that, they (sic.) you can decide if he is guilty of murder. If you agree that he is, you return a verdict of guilty of murder. If you don't think he is guilty of that and you are unanimous, return the two verdicts of not guilty." (Tr. 782)

Appellee asserts that the second instruction can be read to require a unanimous "guilty" verdict or a unanimous indecision but does not require a unanimous "not guilty" verdict. We disagree.

We find that the second instruction is a violation of the acquittal [*10] first prohibition as set out in Thomas. Prior to the second day of deliberation, the trial court gave these amplified instructions on its own. In appellant's initial appeal, this court indicated that amplified instructions are frowned upon. Part of the reason for this is that they may sometimes be taken out of context or unduly emphasized.

This instruction clearly and expressly required a unanimous not guilty verdict prior to deliberating on the lesser included offense as prohibited by the Supreme Court's later released decision in Thomas.

We must now consider whether the improper jury instruction would have required a reversal of appellant's conviction if initially brought up on appeal. As previously stated, we find that this instruction given by the trial court expressly required a unanimous acquittal on the charge of aggravated murder before the jury was permitted to deliberate on the lesser included offense of murder. Pursuant to the holding in Thomas, supra, and in accordance with the reasoning of the Second District's case of State v. Shaw (1990), 65 Ohio App.3d 821, 585 N.E.2d 515, such an instruction constitutes prejudicial error and therefore warrants a reversal. [*11] It has been stated that, "*** ordinarily it is prejudicial error to give an instruction which misstates the law ***." 5 Ohio Jurisprudence 3d (1978) 304, Appellate Review, Section 646.

Appellant contends that appellate counsel was ineffective in failing to raise the issue of ineffective assistance of trial counsel and in failing to raise the issue of the erroneous jury instruction on appeal. Because the decision in Thomas was not released until subsequent to the trial of appellant, ineffectiveness of trial counsel is not a meritorious issue. However, appellate counsel was ineffective in failing to raise the second jury instruction as an issue on appeal.

Thomas was decided by the Ohio Supreme Court on December 30, 1988. Appellant's conviction was journalized June 22, 1988. Notice of appeal was filed July 20, 1988. Due to the length of the transcript, it was not filed until May 31, 1989. Appellant received several extensions to file his brief and eventually filed same on October 24, 1989. Appellee filed its brief on November 22, 1989. Oral argument was heard April 17, 1990. This court's opinion was released July 3, 1990.

As can be seen, appellate counsel had ample time to [*12] become aware of the Thomas decision and its implications. Failure to raise error in regard to the second jury instruction was ineffective assistance of appellate counsel that resulted in prejudice to appellant. See Strickland v. Washington (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. This omission by appellate counsel affected the result of appellant's first appeal. Therefore, appellant's second assignment of error is with merit.

For the foregoing reasons, the judgment of the trial court is reversed and this cause remanded for further proceeding consistent with this opinion.

O'Neill, P. J., concurs
Cox, J., concurs

APPROVED:

Gene Donofrio

Judge

190697